CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 25 2012
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PRESTON MEADOWS, | CASE NO. 5:11CV00108 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's July 30, 2009 protectively-filed application for supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. § 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment in part, and REMANDING this action to the Commissioner for further proceedings.

In a decision dated July 30, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since July 30, 2009, the date of his application.[1] (R. 21.) He determined plaintiff's liver laceration and right arm damage sustained in a motor vehicle accident were severe impairments but that, through the date of the hearing, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 22.) Of

---

[1] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). Supplemental security income is payable the month following the month in which the application was filed. 20 C.F.R. § 416.335.

1

particular note to the Law Judge was the fact that less than 12 months had elapsed between plaintiff's accident and the disability hearing. (R. 25.) The Law Judge found that plaintiff had made progress since his accident and that there was no evidence from the University of Virginia Hand Center, his clinic, to indicate he did not possess the residual functional capacity ("RFC") to perform the full range of sedentary work.[2] (R. 26.)

The Law Judge then found that plaintiff could not perform his past relevant work as a product assembler and turned to portions of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("Grids"), to determine whether he was considered disabled from all gainful activity as a matter of regulatory law.[3] (R. 26.) He considered plaintiff's RFC, age, education, and work experience, and based on these factors, the Law Judge found that plaintiff could perform all or substantially all of the exertional demands at the sedentary level of exertion. (R. 26-27.) Accordingly, by application of § 201.27 of the Grids, the Law Judge found plaintiff not disabled under the Act. (R. 27.)

Plaintiff appealed the Law Judge's July 30, 2010 decision to the Appeals Council. (R. 1-9.) In its August 18, 2011 decision, the Appeals Council considered the additional evidence submitted on appeal but found that evidence did not provide a basis for changing the Law Judge's decision. (R. 1-2, 5-9.) It found no basis to review the Law Judge's decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued, briefs were filed, and oral argument was held before the undersigned by telephone on May 10, 2012.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant

---

[2] Sedentary work is defined in 20 C.F.R. § 404.1567(a), and it involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

[3] At the hearing, the Law Judge took testimony from Paula C. Day, M.S., a vocational expert. (R. 19, 49.) The VE answered questions posed by Law Judge premised on plaintiff having the RFC to perform light work. (R. 49-53.) The Law Judge ultimately found that plaintiff had the RFC to perform a full range of sedentary work and, thus, relied on the Grids to reach his decision. (R. 26.)

2

some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* at 642. When the Appeals Council considers additional evidence offered for the first time on administrative appeal and denies review, courts must consider the record as a whole, including the new evidence, in determining whether the Law Judge's decision is supported by substantial evidence. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

Plaintiff has asserted both in his brief and in oral argument that the Commissioner's determination that plaintiff possesses the RFC to perform sedentary work is not supported by substantial evidence. He claims that his ability to perform sedentary work at any gainful level is significantly compromised. (Dkt. No. 17, at 6-7.) Plaintiff contends that the Commissioner's decision to disregard the opinions of Angelo R. Dacus, M.D., and Robert Kennedy, M.D., plaintiff's treating physicians, is not supported by the record and violates the Commissioner's own regulations and rulings. *Id.* at 7-8. Plaintiff points out that a treating physician's opinion can only be disregarded if there is persuasive contradictory evidence in the record. *Id.* He claims that there is no significant conflicting evidence in the record, and that the Commissioner should have accorded their opinions appropriate weight rather than rejecting them outright. *Id.*

Plaintiff further points out that, if the Law Judge had questions about the completeness of the medical record, or the degree to which plaintiff had recovered from his injuries, he could have sought supplementation from the treating doctors prior to rendering a decision. *Id.* at 8. Further, he argues that the Law Judge should have requested the testimony of a medical expert at the hearing to determine the residual effects of his impairments and how they would impact his ability to do sedentary work on a

3

regular basis, but, instead, he substituted his own medical expertise by presuming that plaintiff would continue to make progress in his recovery. *Id.* at 8-9.

Plaintiff, by counsel, also contends that he suffers significant manipulative limitations in his dominant hand, as shown in Dr. Dacus' examination findings and opinion. He points out that the Law Judge found that plaintiff could perform all duties of sedentary work without even mentioning the evidence of plaintiff's manipulative limitations, and despite the Commissioner's own regulations and rulings which require that a claimant possess good use of both hands in order to be capable of sedentary work. While counsel admits that plaintiff improved greatly since his accident, he offers that, given his significant movement, postural, and manipulative limitations, such improvement, alone, does not mean that plaintiff is not disabled.

Finally, plaintiff points out the VE testified that, if plaintiff could not use both hands, such a person would be precluded from performing light work, including a job as a laundry folder and 50% of jobs as a cafeteria attendant. (Dkt. No. 17, at 9.) The VE further testified that if a person also suffered from limitations in his ability to stand, that limitation would preclude all representative jobs at the light level of work. *Id.* In the end, plaintiff believes that the medical and vocational evidence supports a finding that he cannot perform sedentary work, and he moves for entry of judgment in his favor and for an award of attorneys' fees and costs.

In opposition, the Commissioner offers that there is substantial evidence to support his final decision. The Commissioner points to evidence in the record that plaintiff's impairments were not totally debilitating, but instead were compatible with sedentary work. (Dkt. No. 20, at 10.) This evidence includes plaintiff's admission that he was able to and did play video games to exercise his hand and arm, could write with his right hand, could lift 10-20 pounds with both arms, and was able to cook, vacuum, and go shopping in stores. (Dkt. No. 20, at 10-11.) The Commissioner further calls the court's attention to several medical records which he believes demonstrate that plaintiff's condition was improving with treatment. *Id.* Moreover, the Commissioner cites the absence of any treating evidence after February

4

2010.[4] *Id.* at 11-12. The Commissioner argues that plaintiff's continued improvement demonstrates that he is not disabled. In sum, the Commissioner relies on plaintiff's statements that his condition had improved, his daily activities, his post accident surgery and its follow up report, the lack of recent treatment records, and the fact that the hearing before the Law Judge was held only five weeks after his surgery when plaintiff was improving to support the Law Judge's findings concerning plaintiff's RFC and the Commissioner's final decision to deny the claim.[5]

The Commissioner also argues that the Law Judge considered the treating source opinions of record in a manner consistent with the regulations. *Id.* at 12-13. He offers that the Law Judge properly found that Dr. Dacus' opinion does not preclude sedentary work, pointing to the fact that it was rendered only 8 months after the accident and failed to indicate whether that plaintiff could work. *Id.* at 13; *see also* R. at 656-57. The Commissioner also argues that the Law Judge properly concluded that plaintiff's condition would improve. The Commissioner offers that the opinion of Luc Vinh, M.D., who reviewed plaintiff's medical records, on March 5, 2010, supports the Law Judge's ruling, as he determined plaintiff was capable of sedentary work, and that plaintiff's regular physical activities belie his assertions of significant limitations. *Id.*; *see also* R. 664-70.

The Commissioner acknowledges that the Law Judge did not explicitly discuss Dr. Kennedy's opinion (R. 658-662), but he points out that the Law Judge evaluated the entire record and cited Dr. Kennedy's report in his decision. *Id.* at 13-14. The Commissioner also points out that none of Dr. Kennedy's treatment notes were before the Law Judge, the opinion was issued less than 12 months after plaintiff's accident, and it is not clear from the record whether any of the clinical findings cited in the

---

[4] The Commissioner acknowledges that plaintiff submitted a treatment note from Dr. Kennedy dated July 19, 2011 while the case was on appeal to the Appeals Council. This examination was conducted roughly a year after the period relevant to this claim, and the Commissioner argues that plaintiff has not demonstrated its relevance or materiality. (Dkt. No. 20, at 11 fn.2.)

[5] Actually, Dr. Dacus' submitted his opinion five weeks after plaintiff's surgery. (R. 656.) The hearing before the Law Judge occurred some three months after his surgery. (R. 34.)

5

opinion came from an examination by Dr. Kennedy, and, if so, when the examination occurred.[6] *Id.* Therefore, he argues that the Law Judge's finding on the appropriate weight to assign Dr. Kennedy's opinion can be inferred from his decision. *Id.* at 14-15. Furthermore, he contends that Dr. Kennedy's opinion is consistent with sedentary work and that plaintiff has not identified any specific functional limitations that should have been included as a result of Kennedy's evaluation. *Id.* Accordingly, the Commissioner offers that remand is not necessary as it would have no practical effect on the outcome of the case.

Finally, the Commissioner argues that the Law Judge had no reason to re-contact Dr. Dacus or enlist the services of a medical expert at the hearing. (Dkt. No. 20, at 16-17.) He claims that the Law Judge had adequate evidence to determine whether plaintiff presented sufficient evidence of disability, and he was not required to seek further supplementation of the record. *Id.* Therefore, the Commissioner contends that the Law Judge's findings are supported by substantial evidence, and he asks that his final decision be affirmed.

Taking plaintiff's arguments in order, the undersigned first considers whether the Law Judge properly weighed the evidence of the two treating physicians. The Law Judge never referred to Dr. Kennedy in his decision, despite the fact that he was plaintiff's family physician who offered a medical opinion.[7] (R. 25-26, 42-43, 243, 655.) However, it is true that no contemporaneous treatment notes or supporting clinical evidence were included along with Dr. Kennedy's opinion.[8] It is within the discretion of the Law Judge to assign significantly less weight to the opinions of treating physicians that are not supported by clinical evidence or are inconsistent with the other substantial evidence of record. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

---

[6] The record indicates that Dr. Kennedy simply may have been copied on the reports of Dr. Dacus prior to rendering his functional assessment on April 11, 2010 which was before the Law Judge, and the status report of July 20, 2011 which was sent to the Appeals Council. (R. 8-9, 655.)

[7] The Commissioner is incorrect to assert that the Law Judge cited Dr. Kennedy's opinion. (Dkt. No. 20, at 15.) Though the Law Judge cites Exhibit 11F, he is referring to Dr. Dacus' opinion, leaving it fairly clear that he cited the exhibit number in error. (R. 26.)

[8] The July 2011 report was submitted more than a year after Kennedy wrote his opinion. This evidence could not have provided any basis for his earlier opinion concerning plaintiff's functional capacity. (Compare R. 8.with R. 658-662.)

6

In this case, Dr. Kennedy's initial opinion of plaintiff's functional capacity lacks the support of any contemporaneous treatment notes in the record. Further, his view of plaintiff's limitations ultimately conflicts with Dr. Dacus' view of plaintiff's functional capacity, if not with plaintiff's own testimony. Kennedy indicated that plaintiff could rarely lift less than 10 pounds and could not use his right hand and fingers for any part (0%) of an 8 hour workday. (R. 660-661.) However, plaintiff testified that he could carry 10 to 20 pounds with his arms, and he stated that while he had limited strength and coordination with his right arm and hand, he could still write, cook, and play video games. (R. 40, 45-47.) Further, Dr. Dacus found that plaintiff could use his right hand, fingers, and wrist for four hours of each eight hour workday (50%), again contradicting Kennedy's opinion. (R. 657.) The Law Judge was permitted under these circumstances to accord little weight to Dr. Kennedy's opinion. 20 C.F.R. § 404.1527(c) (2012).

The question then becomes whether the Law Judge even considered Dr. Kennedy's opinion, and if he did not, whether that constitutes error necessitating remand. The Law Judge is not required to discuss all the evidence of record, but he must consider all relevant evidence, and the failure to do so can be grounds for remand or reversal. *See DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). It does not appear from his decision that the Law Judge actually took into account Dr. Kennedy's opinion despite references to him at the hearing and the functional assessment in the record.

The Commissioner has argued that remand is not necessary here because this deficiency, if it is one, had no practical outcome on the case.[9] Simply put, if the Law Judge was permitted to give Dr. Kennedy's opinion little weight, the court need go no further to determined whether the Law Judge sufficiently discussed it. The undersigned agrees, because the Law Judge would have likely reached the same result notwithstanding his error in considering Dr. Kennedy's opinion, and remanding the case for this reason would have no effect on its outcome. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994); *Camp v. Massanari*, No. 01-1924, 22 Fed.Appx. 311, at *1 (4th Cir. December 21, 2001); *Senne v. Apfel*,

---

[9] Citing *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999).

198 F.3d 1065, 1067 (8th Cir. 1999); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The Law Judge's findings regarding Dr. Dacus' opinion are also problematic. The Law Judge did not reject the opinion of Dr. Dacus. He simply found that Dr. Dacus' opinion did not rule out sedentary work. (R. 26.) In that regard, Dr. Dacus found that plaintiff suffered constant pain/paresthesia in his right hand with significant resulting limitations in the use of his right hand, fingers, and arm, to the extent he would be able to use that extremity for 4 hours of an 8 hour workday. (R. 656-657.) He also opined that plaintiff suffered muscle weakness, limitation of motion, reduced grip strength, and muscle atrophy. (R. 656.) Plaintiff testified about the degree to which he could use his right hand and wrist, including performing fine manipulative activities. Specifically, plaintiff testified that his strength, range of motion, and coordination were reduced, but that he was able to write some, though not as well as he used to, could cook, and frequently played video games as part of his physical therapy. (R. 40, 45-47.)

The problem here for the undersigned is the Law Judge's finding that plaintiff was capable of a full range of sedentary work, and that he employed the Grids to determine that plaintiff was not disabled. The Commissioner's own rulings provide that, "Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity...Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." SSR 96-9p (July 2, 1996) (emphasis included in original); SSR 83-14 (1983); *see also* 20 CFR Pt. 404, Subpt. P, App. 2, § 200.00(e). Furthermore, manipulative limitations are considered non-exertional impairments, and where nerve damage to plaintiff's extremity produces these limitations, the effect on the availability of sedentary jobs should be assessed by a vocational expert. SSR 96-9p (July 2, 1996); SSR 83-14 (1983); *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *Woods v. Heckler*, 625 F.Supp. 1450, 1453-1454 (W.D. Va. 1986); *Washington v. Astrue*, 698 F.Supp.2d 562, 571-573 (D.S.C. 2010); *Heggarty v. Sullivan*, 947 F.2d 990, 995-997 (1st Cir. 1991). To put it another way, where a non-exertional impairment or limitation significantly reduces the number of jobs available in the occupational base, the Commissioner may not

8

rely on the Grids to discharge his burden at the final level of the sequential analysis. *Id.*; *Shively v. Heckler*, 739 F.2d 987, 989 fn1 (4th Cir. 1984); *Hincher v. Barnhart*, 362 F.Supp.2d 706, 712 (W.D.Va. 2005); *Salling v. Bowen*, 641 F.Supp. 1046, 1056-1057 (W.D.Va. 1986).

Here, there is substantial evidence in the record that plaintiff suffers a significant manipulative impairment which produces non-exertional limitations on his use of his right arm. This is borne out by the clear medical and testimonial evidence in the case. (R. 8, 40, 45-47, 234, 654-655, 656-657, 658-662.) Even the State Agency reviewing physician found that plaintiff suffered manipulative limitations in reaching, handling, and fingering, though he opined that they would not significantly erode the occupational base. (R. 68-69.) While a VE was present at the hearing, the Law Judge elected to ask her a narrow range of questions only about the availability of jobs for a person limited to light work. (R. 50-52.) Even then, the Law Judge did not ask the VE to consider the effects of all plaintiff's non-exertional limitations on the availability of the jobs she identified. It was on cross examination by plaintiff's counsel that she acknowledged that limited ability to use both hands would preclude performance of the jobs she had identified.[10] (R. 52-53.) It is entirely likely that the VE's responses to plaintiff's cross examination, which essentially precluded the light work jobs she had identified, led the Law Judge ultimately to find that plaintiff was limited to sedentary work. Unfortunately, the Law Judge failed to pose questions to the VE about sedentary jobs that might be available, either with or absent consideration of plaintiff's non-exertional manipulative and other limitations. As plaintiff's non-exertional limitations are significant, vocational evidence was required. There is good cause to remand for further proceedings in which the Commissioner may elect to grant benefits or recommit the case for supplemental proceedings at the final sequential level where vocational evidence may be adduced.

---

[10] There is also evidence in the record that plaintiff suffers other non-exertional limitations, such as pain and postural limitations. (R. 41, 239, 242-243, 656, 664-667.); SSR 83-14 (1983); *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). Certainly, the Law Judge did not give that evidence much credit, especially to the extent he found it inconsistent with his RFC finding.

9

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment, in part, and REMANDING this action to the Commissioner for further proceedings consistent herewith at the final level of the sequential evaluation process.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _/s/ signature_
U.S. Magistrate Judge

6/25/12
Date